# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5415 | **DATE** | 4/24/2003 |
| **CASE TITLE** | Henri Studio, Inc., et al vs. Henri Studio Edmonton | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff Den Mar IV's motion for an expedited partial summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 25 2003 date docketed | 79 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/24/03 date mailed notice | |
| TH | courtroom deputy's initials | 03 APR 24 PM 4:38 Date/time received in central Clerk's Office | th mailing deputy initials | |

HENRI STUDIO, INC., an Illinois Corporation; )
DEN MAR IV, an Illinois partnership; and )
MARIO PROSPERI, an individual; )
)
        Plaintiffs, )
) No. 02 C 5415
   v. )
)
HENRI STUDIO EDMONTON LTD., a Canadian )
corporation, )
)
        Defendant. )

DOCKETED
APR 2 5 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

Plaintiff Den Mar IV has filed a motion for an expedited partial summary judgment, seeking a ruling that its notice of termination of a contract with Defendant was proper. The Court finds that the notice was proper and therefore grants Den Mar IV's motion, as detailed below.

## FACTS

### I. Parties

Plaintiff Henri Studio, Inc. ("Henri U.S.") is an Illinois corporation. (R. 41-1, Den Mar IV's Statement of Material Facts ¶ 1.) Its principal place of business is in Wauconda, Illinois. (*Id.*) Since the early 1960s, Henri U.S. has been making and selling concrete statuary. Plaintiff Den Mar IV is an Illinois partnership. (*Id.* ¶ 2.) Den Mar IV is the exclusive licensee of Henri U.S.'s designs outside of the United States. (*Id.* ¶ 12.) Plaintiff Mario Prosperi and his brother Dennis Prosperi are the sole partners of Den Mar IV. (*Id.* ¶ 3.) They both are citizens of Illinois.

(*Id.*) Mario Prosperi is also the president of Henri U.S. (*Id.* ¶ 11.)

Defendant Henri Studio Edmonton Ltd. ("Henri Edmonton") is a Provence of Alberta, Canada corporation. (R. 41-1, Den Mar IV's Statement of Material Facts ¶ 4.) Its principal place of business is in the Provence of Alberta. (*Id.*)

## II. Parties' Relationship

On July 25, 1986, the parties to this lawsuit entered into an agreement ("License Agreement") related to the licensing, manufacture, and sale of lawn statuary. (R. 50-1, Def.'s Response to Den Mar IV's Statement of Material Facts ¶ 14.) That agreement established that Den Mar IV would provide Henri Edmonton the exclusive right to manufacture and sell certain lawn statuary designed by Plaintiffs in Canada. (*Id.* ¶¶ 14-15.)

### A. License Agreement's Relevant Provisions

#### 1. Termination Provision

Article XIV of the parties' License Agreement states that it:

> shall terminate only upon the first of any of the following events to occur:
>
> 1. (a) Licensor or Licensee may terminate this Agreement upon providing at least ninety (90) days advance written notice of the date of such termination; or
>
>    (b) Licensee becomes insolvent, ceases doing business, has a winding up order made against it or passes a resolution to be wound up and has a receiver appointed over it or any of its assets, or fails to abide by the terms of this Agreement including failure to make any payments contained aforesaid; or
>
>    (c) Licensee shall be in material breach of any of the promises, covenants or conditions herein contained

### 2. Choice of Law and Forum

The parties agreed in Article XV that the License Agreement "shall be construed pursuant to the laws of the State of Illinois and of the United States of America."

### 3. Amendment

The parties signed an amendment to the License Agreement on March 8, 1999 that limited Henri Edmonton's exclusive rights to the Providence of Alberta. Henri Edmonton claims that this amendment was not effective because it was signed under economic duress.

### B. Notice of Termination

Den Mar IV provided written notice of termination to the parties to the License Agreement on July 30, 2002. (R. 41-1, Den Mar IV's Statement of Material Facts ¶ 18.) The written notice provided that the termination would be effective November 22, 2002. (*Id.* ¶ 19.) Den Mar IV later agreed to extend the termination date, first to December 6, 2002, then to December 20, 2002, finally to January 10, 2002. (*Id.* ¶¶ 20-21; (R. 50-2, Def.'s Statement of Additional Material Facts ¶ 1.)

### C. The Alberta Court Proceedings

On December 20, 2002, Henri Edmonton filed a motion in the Court of Queen's Bench of Alberta, Judicial District of Edmonton, requesting, in part, a restraining order preventing Den Mar IV from terminating the License Agreement. (R. 41-1, Den Mar IV's Statement of Material Facts ¶ 22.) Henri Edmonton argued to that court that, despite the termination provision allowing for a 90 day notice, the required notice should be greater than 90 days. The Canadian court disagreed. On March 14, 2003, it issued an opinion finding the 90 day notice provision to be clear, unambiguous, and effective. The court denied the request to restrain Den Mar IV's

termination of the License Agreement. At the same time, it ordered Henri Edmonton's liquidation. The court appointed a liquidator and ordered the liquidator to sell the corporation's assets and collect its accounts.

## STANDARDS

Summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica Indiana*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party that bears the burden of proof on a particular issue, however, may not rest on its pleadings but must affirmatively demonstrate that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. at 2553. A mere scintilla of evidence in support of the non-movant's position is insufficient. *See Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

A party can successfully oppose summary judgment only if it presents "definite, competent evidence to rebut the motion." *E.E.O.C. v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). The Court must view all evidence and draw all reasonable inferences in the light most favorable to Plaintiff, as the non-moving party. *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000).

# ANALYSIS

Den Mar IV seeks a ruling that its termination of the License Agreement was proper on January 10, 2003. It argues that it provided 136 days notice when the contract called for just 90 days. There is no dispute that this position is correct under Illinois law[1] and that the License Agreement itself has a choice of law provision calling for application of Illinois law.[2]

Henri Edmonton counters, however, that the Court should ignore both the termination and choice of law provisions of the License Agreement. Henri Edmonton claims that the License Agreement is actually a franchise agreement under Alberta law. Henri Edmonton argues that the Alberta Franchises Act governs these contracts, regardless of the License Agreement's choice of law language. That Act, according to Henri Edmonton, requires that reasonable notice of termination be given, irrespective of the explicit notice period in the License Agreement's termination provision. Henri Edmonton completes this argument by claiming that summary judgment is not warranted because the undisputed facts do not show that Den Mar IV's notice of termination is reasonable.[3]

---

[1] Where contractual language is clear and unambiguous, Illinois law does not allow a court to consider extrinsic evidence in interpreting the agreement. *Geier v. Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir. 1996). Henri Edmonton does not dispute that the termination provision is clear and unambiguous.

[2] In diversity cases such as this one, federal courts apply the choice of law rules of the state where the suit is brought. *Heller Int'l Corp. v. Sharp*, 974 F.2d 850, 856 (7th Cir. 1992). Illinois courts generally give effect to contractual choice of law clauses. *Great Lakes Overseas, Inc. v. Wah Kwong Shipping Group, Ltd.*, 990 F.2d 990, 994 (7th Cir. 1993).

[3] Henri Edmonton also argued that the subject matter of Den Mar IV's motion was not properly before the Court because the Second Amended Complaint did not seek a declaration regarding license termination. This argument is now moot because Plaintiffs have since amended their complaint, with the Court's approval, to include the termination issue.

What is perhaps most remarkable about Henri Edmonton's argument is that it did not brief the issue of the Alberta Franchises Act's application in the Canadian court proceedings. The Canadian court – which unquestionably sits in a better position to apply Alberta case law and to interpret the Alberta Franchises Act – determined that the notice of termination was proper and effective under Canadian law.

This Court feels uneasy about Henri Edmonton's request for an application of the Alberta Franchises Act when Defendant did not raise the issue with the Canadian court. In Henri Edmonton's ideal world, this Court would determine that an application of Canadian law raises a dispute of material fact as to whether termination was proper. This finding, however, would be contrary to the Canadian court's ruling. It is well-settled that comity should be accorded to an act of a foreign court so long as that court has competent jurisdiction and the laws and public policy of the forum state are not violated. *Hilton v. Guyot*, 159 U.S. 113, 202-03, 16 S.Ct. 139, 40 L.Ed. 95 (1895). There is no argument by Henri Edmonton that there is reason to stray from international comity principles. Henri Edmonton's arguments in favor of application of the Alberta Franchises Act amount to nothing more than a collateral attack on the Canadian court's judgment. *See Esposito v. I.N.S.*, 936 F.2d 911, 915 (7th Cir. 1991) (court was "neither capable of nor inclined to undertake" effort to "retry the particulars" of Italian criminal case against plaintiff).

Some of the Court's feeling of uneasiness about Henri Edmonton's request is lifted, however, by subsequent occurrences that show that the notice of termination was proper even if the Court analyzes the Alberta Franchises Act. Henri Edmonton rests its position that a dispute of material fact exists as to whether the notice of termination was reasonable on two arguments.

First, it claims that if the Court finds the notice to be proper, then Henri Edmonton would not be able to fill its open orders with customers. Henri Edmonton represented to this Court on April 24, 2003, however, that it is in position to fill all of its orders based on its current inventory and without manufacturing new products. The termination, which occurred on January 10, 2003, apparently had no effect on Henri Edmonton's ability to fill orders.

Second, Henri Edmonton claims that a finding that the termination was effective on January 10, 2003 would cause it to incur significant liability in severance payments to its employees. The Canadian court's order of liquidation, however, mandates the winding up of business and sale of assets. Henri Edmonton will not exist for much longer, irrespective of the notice of termination. Its assets will be used to pay its obligations, including any severance payments that it truly owes. A finding that the termination notice was not reasonable would do nothing to change this result. Therefore, the undisputed facts do not show that Den Mar IV's notice of termination was unreasonable.

In any event, the undisputed facts show that Den Mar IV provided a notice of termination that was proper under the License Agreement. There is no evidence that the 90 day notice of termination provision was included in the License Agreement in bad faith. Henri Edmonton cannot seriously argue that Den Mar IV engaged in unfair dealing simply by providing a notice of termination that was proper under the negotiated terms of the License Agreement. This Court agrees with the Canadian court in finding that Den Mar IV properly terminated the contract. Accordingly, Den Mar IV is entitled to partial judgment as a matter of law.

## CONCLUSION

The undisputed facts show that Den Mar IV's notice of termination was proper and effective under Illinois law. The Canadian court already found that it was proper and effective under Canadian law. Further, the undisputed facts show that Henri Edmonton will not suffer any unreasonable harm as a result of the January 10, 2003 termination of the License Agreement. Accordingly, this Court grants Den Mar IV's motion for partial summary judgment.

DATED: April 24, 2003   ENTERED

AMY J. ST. EVE
United States District Judge